UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

(*Submitted August 23, 2006*[*])
Decided August 25, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-1970

| | |
|---|---|
| LENFORD HOLLOWELL, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana |
| *v.* | No. 3:05-CV-0023-RLY-WGH |
| BAKERY, CONFECTIONERY, TOBACCO WORKERS AND GRAIN MILLERS LOCAL UNION 280 and LEWIS-VINCENNES, INC. *Defendants-Appellees.* | **Richard L. Young,** *Judge.* |

**O R D E R**

Lenford Hollowell requested permission to work in place of an absent co-worker at Lewis Bakeries ("Lewis"). Lewis denied the request because Hollowell would have

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

to be paid overtime if he picked up another shift, and the company's policy is not to pay employees at the overtime rate when "straight-time" employees are available. Hollowell filed a grievance charging Lewis with violating the company's collective bargaining agreement ("CBA") with the union, and the company denied the grievance. The union opted not pursue the matter any further, stating in a letter to Hollowell about a month after Lewis denied his grievance that its Executive Board "could not find sufficient evidence to support arbitration with the company" and voted not to proceed with the grievance.

Hollowell then sued both Lewis and the union under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, claiming that Lewis breached the CBA and that the union breached its duty of fair representation. These "inextricably interdependent" claims comprise what is known as a hybrid suit. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983); *McLeod v. Arrow Marine Transport, Inc.*, 258 F.3d 608, 613 (7th Cir. 2001). Neither claim in the hybrid action is sustainable if the other fails. *See Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003). Lewis and the union both filed motions to dismiss, which the district court converted into motions for summary judgment. *See* Fed. R. Civ. P. 12(b). Lewis submitted an affidavit from Danny Seyer, the plant manager at the facility where Hollowell worked, in which he attests that "it has generally been the policy of Lewis not to utilize an employee at overtime rate when there is a straight time employee available." Lewis also attached a copy of the CBA, which includes a "management rights" clause vesting the employer with the sole right to "schedule work" and to "assign work and working hours to employees." The district court concluded that Hollowell failed to raise a genuine issue of material fact as to whether Lewis had violated any provision of the CBA and that, given the absence of an actionable violation, the union did not breach its duty of fair representation by declining to pursue a grievance on Hollowell's behalf. The court granted summary judgment for the defendants, and Hollowell appeals.

On appeal Hollowell presses his claims that Lewis violated the CBA by not letting him fill in for a coworker and that his union steward unreasonably refused to sign his grievance form. But he does not refute the evidence that under the CBA, Lewis maintains the sole authority to make decisions regarding its employees' work schedules and that it has a policy of not paying workers at the overtime rate when "straight time" employees are available. In particular, Hollowell never points to any provision of the CBA that Lewis may have violated by refusing his request to work overtime. Instead he insists that "it is common law practice for Lewis employees . . . to work in place of one another," but he provides no admissible evidence to substantiate this assertion, nor does he dispute the specific evidence that such substitutions are not generally permitted if overtime is involved. And in any event, his lawsuit charges Lewis with breaching the CBA, not deviating from its common practice.

Absent any actionable breach of the CBA committed by Lewis, Hollowell's claim against the union necessarily fails as well. Even independently, Hollowell adduced no evidence that the union's conduct in declining to pursue a grievance on his behalf was arbitrary, discriminatory, or in bad faith, *see Neal*, 349 F.3d at 369 (citing *Vaca v. Sipes*, 386 U.S. 171 (1967)), rather than legitimate.

**AFFIRMED**.